UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION


IN RE:

QUARTZ HILL MINING, LLC                     Case no.: 14-15419-AJC
SUPERIOR GOLD, LLC                          Case no.: 14-15424-AJC

Debtors                                     Chapter 11

---

**SECURED CREDITORS',  THE ESTATE OF WILLIAM B. KEMPER AND MARJORIE ROBBINS DAGGETT,  MOTION TO DISMISS THESE CHAPTER 11 PROCEEDINGS PURSUANT TO 11 U.S.C. §1112(b), AND 28 U.S.C. § 1408**

---

Secured creditors the Estate of William B. Kemper and Marjorie Robbins (hereinafter "Creditors"), through counsel, move for dismissal of the jointly administered or consolidated Chapter 11 proceedings of Quartz Hill Mining, LLC and Superior Gold, LLC, (hereinafter "Debtors") captioned above  under 11 U.S.C. §1112(b) and 28 U.S.C. § 1408, and state in support of this Motion as follows:


JURISDICTION

This Court has jurisdiction pursuant to 11 USC  §1334.

CERTIFICATE OF CONFERRAL

Debtors, through counsel, oppose this Motion.

SUMMARY OF ARGUMENT

Colorado single asset corporations, which employ no one and have no income, cannot seek bankruptcy relief in Florida on the eve of judgment creditors' sale, after the state forum required the posting of a bond, as the possibility for reorganization does not exist.  Furthermore, the use of the

1

Florida venue is tenuously delivered through a power of attorney of a former attorney of Mrs. Fedrigon as personal representative of the estate of Caldwell, who formed the Debtors – Colorado limited liability companies, with only Colorado assets, whose debt is almost exclusively owed to Colorado entities, and whose ties are exclusively with the state of Colorado.

<u>INTRODUCTION , FACTS AND TIMELINE</u>

1. Creditors, although improperly identified as unliquidated and unsecured in the Petitions, are secured liquidated creditors of both Debtors' real  property  as a result of the final certified judgment attached hereto as **EXHIBIT A** and incorporated herein by this reference.  After recording on October 7 ,2009, this Gilpin County Colorado judgment served as a lien against all real property of Sentinel Mining Corporation then owned or after acquired in Gilpin County Colorado for a period of 20 years in accordance with Colorado Revised Statutes §13-52-102.  This secured liquidated final Judgment has a present balance of $1,978,243.20 as of March 17, 2014.

2.  Sentinel Mining, at the time of recording the judgment was the record owner of all of the real property listed in Debtors petitions as can be seen from the certified deeds attached hereto as **EXHIBIT B** and incorporated herein by reference.

3.  Sentinel Mining Corporation and its property were brought into the Merendon Bankruptcy Chapter 7 proceedings 09-11958-AJC by a Court order on March 11, 2010.

4.  On March 26, 2010, Debtors creator ,assignor and part owner Mrs. Dawn Fedrigon on behalf of herself and Estate of Harold Caldwell, for whom she was acting as personal representative without court appointment or supervision , filed a Rule 60 Motion in The Gilpin District Action No. 92CV55 attacking the judgment (EXHIBIT A)  alleging it to be void and for all the reasons raised or

that could have been raised under CRCP Rule 60, which is parallel to Federal Rule 60. On April 14, 2011, the Gilpin District Court entered its order denying and dismissing that Rule 60 Motion and holding that Mrs. Fedrigon and Estate of Caldwell could not attack the judgment and could not assert the Merendon bankruptcy stay in an attempt to attack the judgment. A certified copy of the Court's Order of April 14, 2011, is attached as **EXHIBIT C**, and incorporated herein by reference. No appeal was filed from that dismissal. Mrs. Fedrigon in these same capacities also attacked and lost , without appeal , another challenge to the Judgment in the Gilpin District Court in 2011.

     5.   On August 16, 2011,  Mrs. Dawn Fedrigon and the Estate of Harold Caldwell reached a settlement with the Bankruptcy Trustee in the Merendon Case to purchase all of the property listed in Debtors Petitions as their only assets , "as is", by quit claim deeds and subject to all liens including that of Creditors,  for a purchase price of $600,000.00. That settlement further recognized and accepted the fact that the "judgment" in the Merendon Case of March 11, 2010, for the first time extended the automatic stay over Sentinel Mining Corporation and its assets and  is the basis upon which the property became property of the estate thus subject to the Trustee's settlement.   This Settlement and the Trustee's Motion to approve it are Document 262 in the Merendon Bankruptcy file 09-11958-BKC-AJC, filed 8-19-11,  of which this court may take judicial notice.  This was not an 11 USC  §363 sale and liens on the real property remained unimpaired and passed through the bankruptcy.

     6. On October 25, 2011, Mrs. Fedrigon formed the Debtors, *both Colorado LLCs* , to take "as is" title to the property by quit claim deeds from the Merendon Bankruptcy Trustee. Certified Copies those quit claim deeds are attached as **EXHIBIT D**, and copies of the Debtors Articles of Organization are attached as **EXHIBIT E**.   Pursuant to law, Creditors' lien passed through the

3

Merendon Bankruptcy unaffected.   Mooring v. Brown 763 F.2d 386 (USCA 10th. Cir. 1985) and

Dewsnup v. Timm 502 U.S. 410 (1992).   Upon transfer of the property to Debtors the stay no longer

applied, and Creditors were and are  free to foreclose their lien.

   7.  From these Colorado Debtors' petitions and schedules filed in these cases it is clear that

they have no business other than the ownership of this Colorado  real property.  They have no

business operations, no personal property, no bank accounts, no earnings, no employees, no financial

records and no tax records.  However they assert in their petitions that this real  property purchased

in 2011 for $600,000.00 is worth $58,000,000.00.   There is no business to be reorganized under

Chapter 11 in accordance with the definitions in 11 U.S.C.  §101(51C).

   8.  On August 1, 2013, the Gilpin District Court in Colorado issued its Second Amended Writ

of Execution in Case No. 92CV55 against the real property of Debtors.  Certified copies of

that writ are attached hereto as **EXHIBIT F**.

   9.  Debtors filed with the Gilpin District Court Motions to Vacate the Writs of Execution

on August 1, 2013, and November 5, 2013, attempting, for the fourth time,  to attack the Judgment

( EXHIBIT A).  After three hearings to the Court,   on February 12, 2014, the Gilpin District Court

signed its final Findings and Order denying and dismissing Debtors Motions to Vacate the Writs of

Execution with prejudice.  A certified  copy of this Order is attached hereto as **EXHIBIT G**..

   10.  Appeal may be taken  from this final  order to the Colorado Court of Appeals however,

without the posting of a Colorado Rule of Civil Procedure  62  supercedeas bond in the amount of

125% of the judgment, the Sheriff's  sale which was then rescheduled for March 31, 2014 could

proceed.  A copy of the Notice of Sale is attached hereto as **EXHIBIT H.**

   11.  On March 5, 2014, Debtors signed powers of attorney to attorney, Mr. John Moffa, their

4

prior attorney in the Merendon Bankruptcy Case, whose offices in Florida allegedly authorize him as their legal representative to file and conduct bankruptcy proceedings on their behalf in this Court. This is Debtors first and only connection with or presence in Florida. These powers of attorney are attached to their Petitions.

12.    On March 7, 2014, Debtors filed for Chapter 11 Bankruptcy in this Court, which automatically suspends Creditors' collection and foreclosure proceedings in Colorado, against these Colorado LLCs and their Colorado real property.

<u>STANDARD OF REVIEW</u>

13.    Courts review a Motion to dismiss for cause under 11 U.S.C. §1112(b) on the basis of a "totality of the circumstances". Cause includes bad faith.

14.    <u>In re Kitchens</u>, 702 F.2d 885 (11th Cir. 1983), established this "totality of the circumstances" as the standard for review of this Motion wherein the Court stated:

> A comprehensive definition of good faith is not practical. Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purposes or spirit of (the chapter) in the proposal.

15.    <u>In re Leavitt</u>, 171 F.3d 1219 (9th Cir. 1999), also directs a totality of the circumstances standard, and considers whether the debtor, as here, only intended to defeat state court litigation. A finding of bad faith does not require that the debtor have fraudulent intent. The timing of a debtors' filings , as here, within weeks of an adverse state court judgment and to avoid the posting of a supercedeas bond for an appeal are indicative of bad faith. See also <u>Albany Partners Ltd v. W.P. Westbrook Albany Partner Ltd.</u>, 749 F.2d. 670 (11th Cir. 1984) wherein the Court held that the filing of a Chapter 11 bankruptcy petition, as here, on the eve of the foreclosure sale is evidence of bad faith. Also "an entity may not file a petition for reorganization which is solely designed to attack a

5

judgment collaterally".... <u>In re Cohoes Indus. Terminal, Inc.</u>, 931 F.2d 222, 227(2nd. Cir. 1991): See also <u>Little Creek Development Company v. Commonwealth Mortgage Corp.</u>, 779 F.2d 1068 (5th Cir. 1986). The Debtors may not use this Bankruptcy Court to relitigate adverse state court judgments and an attempt to do so is bad faith. <u>In re C-tc 9th Avenue Partnership</u>, 113 F.3d 1304 (2nd Cir. 1997). A bankruptcy court may dismiss a bad faith filing on an interested party's motion or *sua sponte* when the Chapter 11 petitions are filed at the very moment that state litigation has taken a turn for the worst and foreclosure is imminent. <u>In re Winshall Settlor's Trust</u>, 758 F.2d 1136, 1137 (6th Cir. 1985).

16.   Once a §1112(b) Motion to Dismiss has been filed, the Debtors have the burden of proof to establish that their petitions have been filed in good faith. <u>In Re Integrated Telecom Express, Inc.</u>, 384 F.3d 108 (10th Cir. 2004).

ARGUMENT AND AUTHORITIES

17.   These Chapter 11 petitions present a <u>Phoenix Piccadilly Ltd. V. Life Insurance Company of Virginia</u> 849 F.2d 1393 (11th Cir. 1988) case for dismissal for cause under 11 USC §1112(b) because:

> a.   Debtors' have no business to be reorganized under chapter 11 nor do they qualify as a "small business" under the bankruptcy code  11 U.S.C. §101(51D) . They have no business operations, no financial records, no bank accounts, no employees, no tax records, no earnings, and no personal property. Their petitions have not been filed for legitimate purposes under the code.
>
> b.   Debtors' have only one asset which is the Colorado real property which is the subject of long standing (since 1992) Colorado litigation and pending foreclosure .

6

c.  Debtors have, in essence, only Colorado creditors , Krendl Krendl Sachnott & Way ,Colorado Lawyers, the  Gilpin Colorado Treasurer (not yet due property taxes), perhaps  the IRS and Creditor/Movants.  Movants , Colorado judgment Creditors, are the only significant Creditors.  The other parties listed in their schedules as creditors, Mrs and Mr.  Fedrigon , Mr. Gus Pappas,  Daniel Scheid or Scheid and Cleveland, are equity security owners of debtors.

d.   This is in essence a single asset real estate case. 11 U.S.C.  §101(51B).

e.   The petitions were filed on March 7, 2014, to avoid posting a supercedeas bondin Gilpin County Colorado Case No.  92CV55, after suffering an adverse judgment on February 12, 2014.

f.    The petitions were filed to prevent a sheriffs' sale of the debtors' real property first scheduled for March 20, 2014, then later scheduled for March 31, 2014.

g.  Debtors are Colorado LLCs with solely Colorado real property and in essence only Colorado creditors.

h.   Debtors' petitions contain numerous misstatements including that they have a principal business address in Florida in care of their prior attorney Mr. John Moffa. This business presence "assertion" is a ruse and  is only the result of powers of attorney to Mr. Moffa signed on March 5, 2014, for the  sole purpose of filing bankruptcy here in Florida.   These powers of attorney are attached to Debtors' petitions.   Debtors have no business operations or presence in this forum.   If actions such as this could satisfy venue requirements, any debtor could file for bankruptcy at any time and in any court by merely appointing a power of attorney in the forum for

7

the purposes of bankruptcy.

i.  Debtors are forum shopping by this device and have filed their petitions  nearly as far away from their Colorado property,  Colorado creditors and Colorado courts as might  be possible.

j.   Debtors falsely  claim an affiliate bankruptcy proceeding in this Court, however their only connection with the *Merendon* bankruptcy is that they bought  real property from that bankruptcy estate.  This does not create an "affiliate" as defined in 11 USC §101(2), and there is no interlocking ownership or control between either debtor and any Merendon  party.  This  fact  can  readily  be  seen  by  a  review  of  the  Debtors' petitions and corporate ownership filings.

k.   Debtors, through  their attorney and their power of attorney,  have intentionally attempted to  manipulate the Venue provisions of the Bankruptcy code,  28 U.S.C. § 1408 , to file their petitions in the Southern District of Florida.  All their property is  in  Colorado,  they  are  Colorado  LLCs,  there  is  longstanding  litigation  and foreclosure pending  in Colorado , they have recently lost a judgment in Colorado courts, their real creditors are in Colorado and there is no pending affiliate bankruptcy here   Their petitions are subject to dismissal on this basis alone.

l.    Debtors  have  filed  their  Chapter  11  petitions  with  the  purpose  and  effect  of delaying and harassing the Creditors.   Debtors  are delaying a pending foreclosure sale, avoiding a supercedeas  bond, evading Colorado State Court judgments against them, impermissibly attempting to collaterally attack the existing Colorado judgments (EXHIBIT A, and EXHIBIT G ) and   causing needlessly repetitive, abusive and

vexatious litigation.  They are intentionally causing expense and additional costs and attorney fees to Creditors.

m.   Debtors have filed their petitions for no valid bankruptcy purpose. They are not attempting to preserve the value of a going concern, reorganize a business or to maximize the value of debtors' estate, but are merely attempting to obtain a   tactical litigation advantage over Creditors in the pending Colorado litigation.

18.  The criteria for dismissal for bad faith filing are met herein.  Albany Partners Ltd. v. W.P. Westbrook Albany Partners Ltd.  749 F.2d 670 (11th Cir. 1984).

19.   Marsch v. Marsch 36 F.3d  825 (9th Cir.  1994), like  Piccadilly, supra., is one of the leading cases defining criteria for dismissal for cause under 11 U.S.C. §1112(b) and  bad faith. Sanctions against Debtors,  the filing attorney and their power of attorney Mr. John Moffa are justified in these circumstances.   An attempt to use a Chapter 11 petition and the resulting stay as an inexpensive substitute for a supercedeas bond required under state law and to collaterally attack existing adverse state judgments is not a  legitimate use of the bankruptcy code.  Nor is manipulating venue to file on the eve of foreclosure as far away from Colorado as possible  solely to delay the foreclosure sale or collection of a state court judgment a  legitimate use of the bankruptcy process . There is no business to be reorganized under Chapter 11.   In this situation sanctions are appropriate. See also In re Integrated Telecom Express supra., and Mroz Glatter Pa. v. Mroz 65 F.3d 1567 (11th Cir. 1995).  Creditors here are entitled to be made whole and  to an award of their expenses including attorney fees, all cost including travel expenses , and witness fees both lay and expert from Debtors, their counsel and their power of attorney Mr. John Moffa.

CONCLUSION

WHEREFORE, for all of the reasons and upon the authority cited in this Motion, Creditors respectfully request this Court to Dismiss Debtors's Chapter 11 petitions with prejudice for cause including filing in bad faith and forbid refiling anywhere for a period of two (2) years,  and request an award from Debtors, their counsel and Mr. John Moffa [their power of attorney] responsible for these petitions, of all of Creditors' attorney fees, all their costs, including travel expenses, witness fees both lay and expert, and such further or different relief as the Court shall deem appropriate in the circumstances.

Respectfully submitted,

/s/_____
Attorneys for Creditors
E. Alan Hampson, Colorado Bar No. 3438
1420 Vance Street  #200
Lakewood, Co   80214
303-233-8997
303-233-1995 Fax
e.alan.hampson@comcast.net

/s/_____
Robert C. Meyer
2223 Coral Way
Miami, Florida   33145
305-285-8838
Fax   305-285-8919
meyerrobertc@cs.com
Florida Bar No. 436062

10