**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| In re:<br>QUARTZ HILL MINING, LLC<br>Tax ID # | Case No.: 14-15419-AJC<br><br>Chapter 11 |
| Debtor.<br>_____/ | |
| In re:<br>SUPERIOR GOLD, LLC<br>Tax ID # | Case No.: 14-15424-AJC<br><br>Chapter 11 |
| Debtor.<br>_____/ | JOINTLY ADMINISTERED |

QUARTZ HILL MINING, LLC, and
SUPERIOR GOLD, LLC
       Plaintiffs,

v.

The Estate of WILLIAM B. KEMPER,
And The Estate of MARJORIE
ROBBINS DAGGETT,
       Defendants.
_____/

**COMPLAINT TO DETERMINE EXTENT,
VALIDITY AND PRIORITY OF CLAIMED LIEN**

The Jointly Administered Debtors-in-Possession hereby sue the Estate of William B. Kemper and the Estate of Marjorie Robbins Daggett and state as follows:

**THE DEBTORS-IN-POSSESSION**

1. On March 7, 2014, QUARTZ HILL MINING, LLC filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code.

2. Also on March 7, 2014, SUPERIOR GOLD, LLC filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code.

3. On March 13, 2014, an Order was entered Jointly Administering these cases and these Jointly Administered Debtors-in-Possession are bringing this action pursuant to their rights under §§ 323, 1107, and 1108 of the Bankruptcy Code (D.E. #15).

## JURISDICTION, VENUE AND PARTIES

4. This is a cause of action pursuant to 11 U.S.C. § 105 and Fed. R .Bankr. P. 7001(2) and (9).

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

6. This is a core proceeding pursuant to 28 U.S.C. §157(b) (2) (A, B, & K), and is filed in compliance with Federal Rule of Bankruptcy Procedure 7001(2) and (9).

7. Venue is proper pursuant to 28 U.S.C. §1409(a).

8. The Estate of WILLIAM B. KEMPER asserts that it is a lien holder on property owned by the Jointly Administered Debtors-in-Possession.

9. The Estate of MARJORIE ROBBINS DAGGETT asserts that it is a lien holder on property owned by the Jointly Administered Debtors-in-Possession.

**FACTUAL BACKGROUND REGARDING THE RELATED CASE OF MERENDON MINING (NEVADA), INC., CASE NO.: 09-11958-BKC-AJC**

10. On February 4, 2009, Petitioning Creditors Eileen McCabe, Jane L. Otto, and Diane Kaplan-Berk filed a Chapter 7 Involuntary Petition in the Southern District of Florida against the Debtor, Merendon Mining (Nevada), Inc., a Nevada corporation, whose principal place of business was in Miami-Dade County, and on June 9, 2009, the court entered an Order for Relief (D.E. #29 in that case).

2

11. On June 10, 2009, Marcia Dunn was appointed as the Chapter 7 Trustee ("Trustee").

12. On December 15, 2009, the Trustee commenced Adversary Proceeding No. 09-02518-AJC (the "First Adversary Case") (D.E. #65 in the main case, D.E. #1 in the First Adversary Case) against, (a) Merendon Mining (Colorado), Inc., a Colorado corporation, (b) Merendon Mining (Arizona), Inc., a Nevada corporation, (c) Merendon Mining (California), Inc., a Nevada corporation, (d) True North Productions, LLC, a Nevada corporation, and (e) Sentinel Mining Corporation, a Colorado corporation (collectively, the "U.S. Merendon Mining Entities"), requesting this Court, in relevant part, to, (a) pierce the corporate veil of U.S. Merendon Mining Entities pursuant to 11 U.S.C. §544(b) and applicable state common law, and (b) declare, pursuant to applicable state and federal law, that the assets of U.S. Merendon Mining Entities, including, title to Glory Hole Mine, Gilpin County, Colorado, which is the subject of this adversary proceeding, are assets of the Debtor.

13. On December 18, 2009, the Trustee filed a Motion for Substantive Consolidation of Non-Debtor Entities (the "Subcon Motion"), including the U.S. Merendon Mining Entities (D.E. #70 in the main case, D.E. #8 in the First Adversary Case).

14. On December 28, 2009, the U.S. Merendon Mining Entities were served at their respective businesses or registered agents' addresses, with a summons (D.E. #4 in the First Adversary Case) and a copy of the First Adversary Case, the Subcon Motion, including the exhibits to each, and the Court's Pretrial Order issued in this matter (D.E. #5

in the First Adversary Case ) (D.E. #9, D.E. #12, D.E. #13-3, pgs. 19-22, 39-42, 45 and 46 in the main case).

15. On January 27, 2010, the Court entered an Order (the "Subcon Order") substantively consolidating, among other non-debtor entities, the U.S. Merendon Mining Entities, *nunc pro tunc*, to the Petition Date (D.E. #84 in the main case, D.E. #20 in the First Adversary Case).

16. On February 10, 2010, the Trustee filed a Motion for Partial Summary Judgment against the U.S. Merendon Mining Entities, for, in relevant part, the relief requested in ¶12 above (D.E. #27 in the First Adversary Case).

17. On February 19, 2010, this court entered an Order setting a hearing on the Trustee's Motion for Partial Summary Judgment for March 11, 2010, and setting the deadline for filing objections by affidavit or memorandum for March 9, 2010 (D.E. #47 in the First Adversary Case), and on February 22, 2010, the Trustee filed and served a Notice Regarding Opposing Motions for Summary Judgment to the non-debtor defendant entities, including the U.S. Merendon Mining Entities. (D.E. #48 in the First Adversary Case). No opposition to the Motion for Summary Judgment was filed with this Court or served upon the Trustee.

18. On March 11, 2010, the Court entered an Order granting Partial Summary Judgment in favor of the Trustee (D.E. #62 in the First Adversary Case) (the "Judgment")—in part—piercing the corporate veil of the U.S. Merendon Mining Entities, determining that the Sentinel and other properties (the "Sentinel Properties") are property of the Debtor's estate, substantively consolidating the Sentinel Properties into the

4

Debtor's estate, extending the automatic stay over the Colorado Mining Properties, and providing that all persons or entities claiming an interest, by way of ownership or lien, in any of the Colorado Mining Properties, may file a claim or adversary proceeding, as appropriate in the Bankruptcy Case.

19. The Sentinel Properties also include any additional property contained in any deeds in the name of any of the U.S. Merendon Mining Entities in Boulder and Gilpin County, Colorado, including the deeds that make up the Glory Hole Mine, (the "Glory Hole Deeds") (D.E. # 1.4 in the Original Declaratory case), and a Quit-Claim Deed dated October 6, 2006 from Glory Hole Mining Company, a Texas corporation, to Sentinel recorded on October 13, 2006 in Gilpin County (Doc. No. 131304).

20. On April 2, 2010, the Subcon Order and the Judgment were recorded as follows: Glory Hole Mine, Gilpin County, Colorado—the Subcon Order was recorded on March 17, 2010 (No. 141130) and the Judgment was recorded on April 26, 2010 (No. 141349).

21. On September 3, 2010, Defendant, Dawn Fedrigon, Personal Administrator/ Executrix for the Estate of Harold Caldwell, filed her Motion for Relief from Stay (D.E. #166) ("Caldwell Relief Motion") requesting this Court lift the stay to continue its litigation against the Glory Hole Mine. The Trustee objected to this motion on September 14, 2010 (D.E. #170) because such relief would be detrimental to maximizing the value of the Estate for its creditors.

22. On September 3, 2010, the Trustee filed a Motion to (a) Approve the Sale of the Colorado Mining Properties (consisting of all of the estate's real and personal property

interests in the Black Rose Mine, the Bueno Mine, and the Glory Hole Mine, including the mining rights, equipment and inventory, and finished products) Free and Clear of Liens, Claims, and Interests, Including Anyone Laying Claim to the Estate's Rights and Interests in Such Properties Pursuant to 11 U.S.C. §363, (b) Set the Sale Procedures and Sale Hearing Date, and (c) Set the Notice Procedures for the Sale (the "Sale Motion") (D.E. #167 in the main case). The Court re-set the hearing on the Sale Motion for October 26, 2010 at 3,00 p.m. (D.E #182 in the main case).

23. On August 3, 2011, the Trustee filed an Amended Motion to (a) Approve the Sale of the Bueno and Black Rose Mining Properties Free and Clear of Liens, Claims, Encumbrances and Interests, Pursuant to 11 U.S.C. §363, (b) Set the Sale Procedures and Sale Hearing Date, and (c) Set the Notice Procedures for the Sale (the "Sale Motion") (D.E. #256 in the main case). Significantly, The Glory Hole Mine was removed from the Sale Motion.

## THE GLORY HOLE MINE PROPERTIES

24. On August 19, 2011, the Trustee filed a Motion to Approve Settlement with the Estate of Harold Caldwell Through its Personal Representative, Dawn Caldwell Fedrigon, and Dawn and Michael Fedrigon (the "Settlement Motion") (D.E. #262).

25. Attached to the Settlement Motion was a Stipulation of Settlement (the "Stipulation") (D.E. #262-1 in the main case). The Stipulation recites a portion of the intricate, convoluted and disputed ownership of the Glory Hole Mine in which Estate of Harold Caldwell Through its Personal Representative, Dawn Caldwell Fedrigon, and Dawn and Michael Fedrigon (the "Fedrigons") disputed ownership by Sentinel and now

6

the Substantively Consolidated Debtor, of the various properties constituting the Glory Hole Mine. The Fedrigons asserted that any title interest obtained by Sentinel was, *inter alia,* a product of fraud and that the true owners were the Fedrigons.

26. As part of the Stipulation, the Trustee agreed to settle all matters with the Fedrigons and to convey the various properties which constituted the Glory Hole Mine to the Fedrigons ISAOA. The Fedrigons agreed to settle all matters and to pay the Bankruptcy Estate the sum of $600,000.00 and other considerations.

27. On August 25, 2011, an Objection by Parul Garfinkle to the Trustee's Motion to Approve Settlement with the Estate of Harold Caldwell Through its Personal Representative, Dawn Caldwell Fedrigon and Dawn and Michael Fedrigon (the "Objection") (D.E. #269) was filed.

28. On September 27, 2011, an Order was entered approving the Settlement Motion and Overruling the Objection (the "Settlement Order") (D.E. #282).

29. The Glory Hole Mine properties were conveyed by the Estate of Merendon Mining (Nevada) Inc.("Merendon") to Quartz Hill Mining, LLC ("Quartz") and to Superior Gold, LLC. ("Superior") Even though Sentinel was Substantively Consolidated into the Merendon bankruptcy case, Sentinel was still listed as the record title owner in Gilpin County, Colorado, where the Glory Hole Mine was located, and as a result of this Sentinel was also named as a Grantor on the Deeds to Quartz and Superior.

## THE KEMPER/DAGGETT CLAIM

30. Across the United States, in Gilpin County, Colorado, a lawsuit brought by The Estate of WILLIAM B. KEMPER, and The Estate of MARJORIE ROBBINS

DAGGETT ("Kemper/Daggett") was pending against, *inter alia,* the Estate of Harold Caldwell. As part of that lawsuit, Kemper/Daggett brought supplemental proceedings against, *inter alia,* Sentinel and Merendon.

31. Neither Sentinel nor Merendon filed responsive papers and on October 23, 2008, the Court entered defaults against both Sentinel and Merendon.

32. On September 28, 2009, an Order was entered by Judge Frederic Rodgers in the First Judicial District, Gilpin County District Court, Colorado against Sentinel and in favor of Kemper/Daggett (the "KD Order").

33. On October 7, 2009, based on the KD Order, a Transcript of Judgment against Sentinel was recorded on behalf of Kemper/Daggett in the amount of $1,402,789.10 which also awarded Kemper/Daggett post-judgment interest on the judgment (the "KD Judgment").

34. On March 8, 2010, Kemper/Daggett filed a Proof of Claim in the Merendon bankruptcy case in the secured amount of $1,451,457.00 (Claim 542-1).

35. On September 29, 2010, the Trustee in the Merendon bankruptcy case filed a Complaint in Adversary Proceeding 09-03623 (the "Second Adversary) against, *inter alia,* Kemper/Daggett and the Fedrigons.

36. On November 5, 2010, Kemper/Daggett filed an Answer and Counterclaim to the Trustee's Complaint ("Answer") as Amended by D.E. #8. (D.E. #25)

37. The Answer was withdrawn on November 17, 2010 and an Answer and Affirmative Defenses was filed at the same time ("Second Answer ") (D.E. #35).

38. In its Second Answer, Kemper/Daggett asserted it had a valid judgment lien in the real property owned by Sentinel.

39. Notwithstanding the fact that Paragraphs 6-15 in the Second Adversary, which sets forth the background of the case and makes it clear that Sentinel was Substantively Consolidated into the Merendon Bankruptcy Estate, Kemper/Daggett never sought to challenge the substantive consolidation of Sentinel into Merendon, despite the fact that the entry of the SubCon Order was entered *nunc pro tunc* to the date of filing of the Merendon Petition, February 4, 2009 (a date that predates the October 7, 2009 recording of the Kemper/Daggett judgment in Gilpin County, Colorado) rendering the recording of the alleged judgment lien of Kemper/Daggett void.

40. On December 7, 2010, the Fedrigons filed an Answer and Affirmative Defenses to the Second Adversary (D.E. #44) along with filing a Cross Claim against the defendants herein (the "Cross-Claim") (D.E. #46).

41. On December 21, 2010, Kemper/Daggett filed an Answer and Affirmative Defenses to the Fedrigons' Cross-Claim (D.E. #50) once again asserting it had a valid judgment lien against Sentinel.

42. On February 11, 2014, an Order was entered by Judge Philip James McNulty of the District Court, County of Gilpin, State of Colorado, which found that the holders of the KD Judgment were entitled to execute on the KD Judgment (the "KD Execution Order"). The KD Execution Order found, *inter alia,* that this Court's SubCon Order was unconstitutional in that it violated Kemper/Daggett's due process rights under the United State Constitution.

## COUNT I – DETERMINE EXTENT VALIDITY AND PRIORITY OF LIEN

43. Plaintiff reasserts paragraphs 1-40 above.

44. On February 4, 2009, Petitioning Creditors Eileen McCabe, Jane L. Otto, and Diane Kaplan-Berk filed a Chapter 7 Involuntary Petition in the Southern District of Florida against the Debtor, Merendon Mining (Nevada), Inc.

45. On September 28, 2009, an Order was entered by Judge Frederic Rodgers in the First Judicial District, Gilpin County District Court, Colorado against Sentinel and in favor of Kemper/Daggett (the "KD Order").

46. On October 7, 2009, a Transcript of Judgment against Sentinel was recorded on behalf of Kemper/Daggett in the amount of $1,402,789.10 which awarded Kemper/Daggett post-judgment interest on the judgment.

47. On January 27, 2010, the Court entered an Order (the "Subcon Order") substantively consolidating, among other non-debtor entities, the U.S. Merendon Mining Entities, including Sentinel, *nunc pro tunc*, to the Petition Date (D.E. #84 in the main case, D.E. #20 in the First Adversary Case).

48. The entry of the Subcon Order invalidated/voided the Transcript of Judgment against Sentinel and in favor of Kemper/Daggett since it was recorded in violation of the automatic stay and Kemper/Daggett never sought to challenge the Subcon Order. Kemper/Daggett was a party to the Merendon Mining case and a party to the Second Adversary Case and was well-aware of the entry of the SubCon Order and chose to do nothing in the Bankruptcy Court.

**WHEREFORE** the Plaintiffs request judgment in their favor declaring that the Kemper/Daggett Judgment recording is Void and that Kemper/Daggett possesses no claim of lien against property of the Debtors.

/s/    *John A. Moffa*

John A. Moffa
FBN 0932760
Email:  John@mbpa-law.com
19 West Flagler St., Suite 504
Miami, FL    33031
Telephone    954-634-4733
FAX             954-337-0637