

**ORDERED in the Southern District of Florida on August 1, 2014.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

QUARTZ HILL MINING, LLC and       Case No. 14-15419-BKC-AJC
SUPERIOR GOLD, LLC,       Case No. 14-15424-BKC-AJC

     Debtors.       Chapter 11
_____/

**ORDER DISMISSING
CHAPTER 11 BANKRUPTCY CASE WITH PREJUDICE**

THIS CAUSE came before the Court for hearing on May 28, 2014, upon the Motion to Dismiss ("**Motion**") filed by Secured Creditors' the Estate of William B. Kemper and Marjorie Robbins Daggett ("**Creditors**"). Having fully considered the Motion, the Response filed by Quartz Hill Mining, LLC and Superior Gold, LLC ("**Debtors**"), the Creditors' Reply, the self-authenticating exhibits attached to the Motion, the authorities provided by the parties, the arguments of counsel, and the post-hearing submission of the parties, the Court grants the Motion and dismisses this case.

1

## UNCONTROVERTED FACTS AND BACKGROUND

In 1992, Creditors filed suit in Colorado (Case 92CV-000055) ("**Colorado Litigation**"). Ultimately, on September 28, 2009, the Colorado Litigation culminated in a judgment for $1,402,789.10 entered in favor of Creditors against an entity named Sentinel Mining Corporation ("**Sentinel**"). [DE 31-1, pages 1-2].

Prior to the entry of judgment, Sentinel obtained title to certain real property in Colorado ("**Property**"). Title to the Property was received by Sentinel through October 6, 2006 quit claim deeds. [DE 31-1, pages 3, 8, and 9]. Sentinel sold the Property to the Debtors in 2011. Creditors' judgment lien attached to the Property prior to the sale of the Property to the Debtors.

Meanwhile, on February 4, 2009, an involuntary bankruptcy was filed against Merendon Mining (Nevada), Inc. ("**Merendon**") (Case 09-11958-BKC-AJC). An order for relief was entered in Merendon on June 6, 2009. On December 15, 2009, the Merendon Trustee, Marcia Dunn ("**Dunn**"), filed an adversary to pierce the corporate veils of numerous named defendants, Case No. 09-2518-BKC-AJC-A)("**Adversary**"). Sentinel was not a named defendant.

Subsequently, in January 27, 2010, the Court entered an order ("**Sub Con Order**") in the Adversary which consolidated, *nunc pro tunc* to the Petition Date, the Defendants in the Adversary. The Sub Con Order was amended on February 26, 2010 and first served upon Sentinel. Creditors were not named as parties in the Adversary; and, they were never served nor were they provided notice in the Adversary.

On March 11, 2010, Partial Summary Judgment was entered ("**Partial SJ**") in the Adversary. [DE 62 of Adversary, pages 7-8]. The Partial SJ states:

H.    The U.S. Merendon Mining Entities and their assets, including the American Mines,

2

are substantially consolidated into this estate.

J.      The automatic stay of 11 U.S.C. §362 is extended over the U.S. Merendon Mining Entities and their assets, including the American Mines, and all persons or entities who receive notice of this Order are hereby enjoined, absent further order of this Court, from interfering with the Trustee's administration of these assets.

M.      All Parties Claiming an Interest (a defined term for lienholders or owners) shall be entitled to have their ownership or lien interests attach to the proceeds of any sale of the U.S. Merendon Mining Property, including the American Mines, conducted by the Trustee under §363, and shall be entitled to notice of any such sale conducted by the Trustee.

N.      With the exception of those parties who are named parties to this Adversary Proceeding, no findings of fact or conclusions of law made in this Court, the Sub Con Order or the Amendment to the Sub Con Order shall be deemed applicable to, or have any res judicata or collateral estoppel effect against those Parties Claiming an interest.

O.      With the exception of those parties who are named parties to this Adversary Proceeding, this Order, the Sub Con Order and the Amendment to the Sub Con Order shall not  be deemed to adjudicate any issues or claims, including any issues or claims regarding legal or equitable title, or any other right, title, or interest in any real or personal property, the U.S. Merendon Mining Property. . . as between the Trustee and/or the Alter Ego Defendants and/or the Non-Debtor Entities, and those Parties Claiming an Interest.

P.      With the exception of those parties who are named parties to this Adversary Proceeding, the Trustee and any Party Claiming an Interest are entitled to a reservation of all rights and positions as between each other that they have or may have and/or assert in any current or future legal proceedings between them.

The language of the Partial SJ clearly preserves the lienholder rights of Creditors.

On August 19, 2011, a settlement was reached between Dunn and the Estate of Harold Caldwell and Dawn and Michael Fedrigon ("**Stipulation**"). [DE 262 of Merendon]. The Stipulation provided that the Merendon Bankruptcy estate would receive $600,000.00 in exchange for Dunn's release of any claim on the Property.  The Stipulation settled the then pending litigation; it was not

intended to be a sale of the Property.  On November 10, 2011, two quit claim deeds to the Property were executed and tendered by Sentinel and Dunn to Quartz Hill Mining LLC and Superior Gold, LLC. [DE 31-1, pages 20-21 and 22-28].

Disputes then ensued between Creditors and Debtors regarding the Creditors' lien against the Property now titled in the name of these Debtors.  Creditors proceeded to enforce their judgment with a Second Amended Writ of Execution ("**Writ**") against the Property on August 1, 2013, [DE 31-1, pages 35-42], and the Debtors' sought to vacate the Writ ("**Vacate Motions**").  After notice and hearing, the Vacate Motions were denied on February 11, 2014. [DE 31, Exhibit G]. Debtors appealed the denial on April 1, 2014. [DE 5, Adv, 14-01315, pages 26-27].

Debtors are each Colorado limited liability companies with one primary asset – the Property. Debtors have no presence in Florida and have not had a presence, domicile, residence, officers, employees, operations or property in Florida for the 180 days prior to filing their petitions here. More importantly, Debtors held no business operations, no bank accounts, no financial records, no employees, no earnings, no personal property and no tax records at the time of filing.

Debtors filed these jointly administered bankruptcy cases in Florida solely through the signature of an appointed power of attorney, John Moffa, Esquire.  Attorney Moffa's power of attorney was executed on March 5, 2014 for the  purpose of filing and conducting these bankruptcy cases. Debtors filed these bankruptcy cases on March 7, 2014.  The petitions were administratively consolidated on March 14, 2014 [DE 16].

## CONCLUSIONS OF LAW

### IMPROPER VENUE

Venue is governed by  28 U.S.C. §1408. Section 1408 requires that a debtor have a domicile,

residence, principal place of business or principal assets in the district for at least 180 days prior to the commencement of the action. Those requirements have not been met in this Chapter 11 case. Although Debtors' petitions, signed by Attorney Moffa, represent that there is an affiliate bankruptcy pending in this district, the Debtors have abandoned this representation. There is no pending affiliate bankruptcy in this district as defined in 11 U.S.C. §101(2).

Debtors argue instead that their power of attorney's presence in Florida delivered venue. The Court finds this argument unpersuasive. If a power of attorney could create venue, any debtor at any instance would create venue on the eve of filing bankruptcy and be capable of forum shopping even though the four recited concepts of venue (domicile, residence, principal place of business or principal assets) exist elsewhere.

Finally, Debtors' argue that venue belonged in Miami as the Debtors' "nerve center" was in Miami via the power of attorney. The Court rejects Debtor's "nerve center" argument. A nerve center is best defined as the principal place of business. As stated above, the location of a power of attorney is not the principal place of business in this case. Debtors have no place of business, let alone a principal place of business, in Florida. Thus, under the simple concepts of venue, this Chapter 11 case will be dismissed.

### BAD FAITH

Cause for dismissal under 11 U.S.C. §1112 is determined on the basis of the "totality of the circumstances." *In re Kitchens* 702 F.2d 885 (11th. Cir. 1983). Causal dismissal includes bad faith. "A comprehensive definition of good faith is not practical. Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purposes or spirit of (the chapter) in the proposal." 9 *Collier on Bankruptcy* para. 9.20

5

at 319 (14th ed. 1978).[1]

The totality of the circumstances concept is best exemplified by *Phoenix Piccadilly Ltd. v. Life Insurance Company of Virginia,* 849 F.2d 1393 (11th. Cir. 1988) in which "bad faith" may be imputed by certain criteria.   The elements recited in *Phoenix Piccadilly* are: (I) debtor has only one asset, the property, in which it does not hold legal title [mortgagees hold legal title]; (ii) debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors; (iii) debtor has few employees; (iv) property is the subject of a foreclosure action as a result of arrearages on the debt;  (v) debtor's financial problems involve a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and (vi) the timing of debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors' ability to enforce their rights. *Phoenix Piccadilly* at 1394-1395. These Chapter 11 petitions present grounds for dismissal under the principles of  *Phoenix Piccadilly Ltd. v. Life Insurance Company of Virginia* 849 F.2d 1393 (11th Cir. 1988).

One Asset

Debtors are Colorado limited liability companies, who have only one primary asset: the Colorado Property.

Few Unsecured Creditors

The majority of the unsecured debt in this case is to insiders or professionals defending Creditors' claims to sell the Property.  These debts are relatively small in comparison to the secured liquidated debt owed to Creditors.

---

[1]  Subsequent to the hearing, Debtors filed a motion to change venue to Colorado – lending further support that venue was improper in Miami. [DE 83].

6

<u>No Employees</u>

The Debtors' reports indicate they have no employees here. The reports further reflect that the Debtors are non-operating businesses. In addition to the lack of employees, these Debtors have no financial records, no bank accounts or other indicia of an operating business.

<u>Subject to Foreclosure Action</u>

The Colorado Litigation and the 2009 judgment amounted to more than $1,490,000.00 which the Creditors seek to satisfy through a sheriff's sale of the Property, which had been scheduled for March 31, 2014. The sale is analogous to a foreclosure sale of a mortgaged debt. [DE 31, Exhibit H].

<u>One-on-One Dispute That Can Be Handled in the State Forum</u>

The majority of the Debtors' debt is owed to the Creditors. This is a one-on-one dispute which was removed from the Colorado state courts to a Miami bankruptcy court. Debtors have filed two adversaries against the Creditors [Adv. No. 14-1328 and Adv. No. 14-1315] and one Objection to Claims in Case No. 09-11958-BKC-AJC. These actions merely seek to use this Court to relitigate adverse state court judgments. Such attempts are in bad faith. *In re C-TC 9th Avenue Partnership,* 113 F.3d 1304 (2nd Cir. 1997). Debtors' petitions represent single asset-single creditor disputes.

<u>Timing Evidences Delay</u>

The Debtors' timing of the bankruptcy filings, within weeks of an adverse state court judgment, to apparently avoid posting a supersedeas bond on appeal to subvert the sheriff's sale, are indicia of bad faith *In re Leavitt,* 171 F.3d 1219 (9th Cir. 1999). Instead of filing a supersedeas bond, the Debtors filed the petitions herein to stay the sale of the Property. The filing of Chapter 11

on the eve of a foreclosure sale is itself evidence of bad faith. *Albany Partners Ltd. v. Westbrook (In re Albany Partners, Ltd.)*, 749 F.2d 670 (11th Cir. 1984).  Under such circumstances, when the Chapter 11 petitions are filed at the very moment that state court litigation has taken a turn for the worse and foreclosure is imminent, a bankruptcy court may dismiss a bad faith filing on an interested party's  motion or dismiss.  *In re Winshall Settlor's Trust,* 758 F.2d 1136, 1137 (6th Cir. 1985).

## Other Factors

Failure to timely pay taxes under 11 U.S.C. 1112(b)(4)(I) is cause or one of the "circumstances" which lead to dismissal.  The Debtors have failed to pay taxes and the tax debt continues to accrue.  Additionally, Debtors' forum shopping and attempts to manipulate venue requirements to file this case in a jurisdiction distant from their Colorado Property and their Colorado creditors is frowned upon. Debtors filed their Chapter 11 petitions to delay a pending sheriff's sale and avoid the posting of a supersedeas bond to obtain a stay pending appeal.  Such actions purposely and effectively delayed and harassed Creditors, causing needless, repetitive and expensive litigation.

In light of the foregoing, it is the Debtors' burden to establish that their petitions were filed in good faith. *In Re Integrated Telecom Express, Inc.* 384 F.3d 108 (10th Cir. 2004). However, after reviewing the Debtors' post hearing submissions, particularly their proposed order, the Court believes the Debtors have failed to persuade the Court this case was filed in good faith. The Court believes these jointly administered Chapter 11 proceedings have been filed in bad faith and should be dismissed accordingly.  The criteria for dismissal for bad faith have met.  *Albany Partners,* 749 F.2d at 670; *Marsch v. Marsch* 36 F.3d 825 (9th Cir. 1994).

For the reasons stated herein, it is

ORDERED and ADJUDGED that the Motion to Dismiss is GRANTED with prejudice to the Debtors filing a petition under any chapter of the Bankruptcy Code in any United States Bankruptcy Court for a period of one year from the date of this Order.  All pending motions are denied as moot.  The Court reserves jurisdiction to award Creditors their reasonable attorney fees and costs incurred in these proceedings.

# # #

Submitted by:
E. Alan Hampson, Colorado Bar No. 3438
1420 Vance Street   #200
Lakewood, Co    80214
303-233-8997
303-233-1995 Fax
e.alan.hampson@comcast.net

Robert C. Meyer
2223 Coral Way
Miami, Florida   33145
305-285-8838
Fax   305-285-8919
meyerrobertc@cs.com
S:\WP\DOCS\quartz main.wpd